# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| TERRI L. ZAUSA, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:17 CV 352 |
| JACK ZAUSA, | ) |
| Defendant. | ) |

## OPINION and ORDER

This action began with a "Third Party Complaint," filed by plaintiff Terri L. Zausa. (DE # 1.) In her complaint, she sued Jack Zausa as a defendant, and Michael Pellin as a "Third-Party Respondent," alleging diversity of citizenship as the basis for jurisdiction. (*Id.*) Apparently, Jack Zausa once owed money to Michael Pellin in the form of a state court judgment, and plaintiff seeks to enforce that judgment as a "judgment creditor," to the tune of about a million dollars. (*Id.*) Plaintiff sought *in forma pauperis* status (DE # 4), and Michael Pellin filed a motion to dismiss (DE # 8).

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed *in forma pauperis*, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B).

With respect to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints, and courts must dismiss a complaint if it fails to state a claim. Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000), and in this case the screening process dovetails with Pellin's motion to dismiss, which is also governed by Rule 12(b)(6).

In this case, it is impossible to tell whether plaintiff is able to pay the costs of commencing this action, as she failed to file the proper forms establishing financial hardship (*see* AO 293 (Rev. 1/15) (INND Rev. 8/16), available on the court's website) or submit any detailed financial information on the basis of which a decision could be made. Even if she had, however, *in forma pauperis* status will not be granted because plaintiff's complaint is frivolous and the court lacks jurisdiction to entertain it, as the court explains in more detail below.

As Pellin points out, this is not the first time plaintiff has pursued this matter in federal court. In 2016, she filed a nearly identical case in the Northern District of Illinois, No. 1:16 CV 11440 (St. Eve, J.). That case was dismissed for lack of diversity jurisdiction, since both Terri Zausa (a plaintiff) and Jack Zausa (a defendant) were residents of Illinois. *Zausa v. Pellin,* No. 16-CV-11440, 2017 WL 3730816, at *3 (N.D. Ill. Aug. 30,

2017). Now, plaintiff has filed her case in this district, attempting to reach the same end result.

Plaintiff's counsel attempts to justify jurisdiction with a skewed logic that is nearly impossible to follow. (DE # 10 at 2: "In Illinois there was no complete diversity between the Plaintiff and Defendant. However, we are not in Illinois. In that, now complete diversity is measured from Indiana, where there is complete diversity between Plaintiff and Pellin, and that Defendant does not destroy complete diversity in Indiana.") Plaintiff's interpretation of diversity jurisdiction has no basis in existing law. As it was when Judge St. Eve ruled in plaintiff's other case, 28 U.S.C. § 1332 requires "complete diversity," which means that no plaintiff may be from the same state as any defendant. *Altom Transp., Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 419–20 (7th Cir. 2016). It is undisputed that Terri Zausa (plaintiff) and Jack Zausa (a defendant) are both residents of Illinois. Thus, this court lacks jurisdiction over this action and it must be dismissed.

Even without the jurisdictional issue, this litigation is riddled with procedural and substantive problems. Most egregiously, plaintiff has named Pellin as a "Third-Party Respondent," but she does not have the right to do so. As Federal Rule of Civil Procedure 14 explains, the right to name third parties is reserved for defendants, or plaintiffs against whom a claim has been alleged, which is not the case here. Plaintiff improperly drew Pellin into this lawsuit, requiring him to defend himself against another lawsuit. At this point, it is impossible to tell whether the initiation of this action

was the result of simple neglect or bad faith. But, needless to say, plaintiff's attempt at a "do-over" of the litigation that failed before Judge St. Eve will not be successful before the undersigned.

For the reasons stated above, Pellin's motion to dismiss (DE # 8) is **GRANTED,** and this action is **DISMISSED** for lack of jurisdiction. Further, this case is frivolous and meritless, rendering plaintiff ineligible for *in forma pauperis* status under 28 U.S.C. § 1915(e)(2)(B)(i), so plaintiff's motion to proceed *in forma pauperis* (DE # 4) is **DENIED**, and plaintiff is **ORDERED** to pay the $400 filing fee in full by **November 29, 2017**.

Additionally, pursuant to Federal Rule of Civil Procedure 11(c)(3), the court **ORDERS** plaintiff to show cause by **November 29, 2017**, as to why the court should not order plaintiff to pay Michael Pellin's attorneys' fees in light of Rule 11(b)(1), which prohibits parties from using litigation to harass, cause unnecessary delay, or needlessly increase the cost of litigation, and Rule 11(b)(2), which requires that claims and other legal contentions be warranted by existing law or by a nonfrivolous argument for an extension of existing law.

Finally, plaintiff is **CAUTIONED** that failure to pay the filing fee and/or further attempts to assert this cause of action under questionable theories of jurisdiction or without regard to the Federal Rules of Civil Procedure may lead to sanctions, possibly including restrictions on filing lawsuits in the future in this district.

**SO ORDERED.**

Date: November 15, 2017

s/James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT