# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| TERRI L. ZAUSA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:17 CV 352 ) |
| JACK ZAUSA, | ) ) |
| Defendant. | ) |

## OPINION and ORDER

On November 15, 2017, this court dismissed this action because plaintiff and defendant were both residents of Illinois, preventing the court from exercising diversity jurisdiction over this case. (DE # 11.) The court noted that a similar case filed by the same plaintiff (and plaintiff's counsel) was recently dismissed by Judge Amy St. Eve of the Northern District of Illinois for the same reason. (*Id.*) Pursuant to Federal Rule of Civil Procedure 11(c)(3), the court ordered plaintiff's counsel, Maurice Salem, to show cause why the court should not order him to pay the attorneys' fees of Michael Pellin, the purported "third-party defendant," in light of Rule 11(b)(1), which prohibits parties from using litigation to harass, cause unnecessary delay, or needlessly increase the cost of litigation, and/or Rule 11(b)(2), which requires that claims and other legal contentions be warranted by existing law or by a nonfrivolous argument for an extension of existing law. (*Id.*)

Counsel for plaintiff filed a response stating, in essence, that he had a different understanding of diversity jurisdiction. (*See* DE # 13, "[I]t was my understanding that

as long as the parties with interest are not in the same state, then complete diversity jurisdiction exists.") Based on this response, it is still not entirely clear that counsel has an accurate understanding of diversity jurisdiction. This is surprising, as diversity jurisdiction is a simple concept taught to every student receiving a legal education in this country. Further, the concept was explained to counsel in Judge St. Eve's order dated August 30, 2017. *Zausa v. Pellin,* No. 16-CV-11440, 2017 WL 3730816, at *3 (N.D. Ill. Aug. 30, 2017). It strains credulity to suppose that counsel simply did not understand this legal concept.

The lack of a credible explanation for the filing of this lawsuit in this district suggests that counsel may have violated Federal Rule of Civil Procedure 11(b)(1), which prohibits parties from using litigation to harass, cause unnecessary delay, or needlessly increase the cost of litigation. Accordingly, pursuant to Rule 11(c)(4), the court grants all parties leave to file a formal motion for attorneys' fees against Maurice Salem under Rule 11, if they so choose, by January 15, 2018. Timing for filing responses and replies will be controlled by Local Rule 7-1.

Plaintiff was also ordered to pay the $400 filing fee in this case by November 29, 2017. (DE # 11.) This has not occurred. The court is concerned, based on other litigation before the undersigned in which counsel has appeared, specifically *Iqbal v. Patel, et al.*, 2:12-CV-56-JTM (filed February 3, 2012), that counsel may not always keep his clients apprised of developments in their respective litigation. In other words, plaintiff herself may not know that she has the burden to pay the $400 filing fee in this case.

Accordingly, the court orders plaintiff's counsel to provide a copy of this order, as well as the court's order at DE # 11, to his client. A notarized affidavit regarding service on his client of the aforementioned orders must be filed on the docket by December 7, 2017. Failure to abide by this deadline will result in this court issuing an order for counsel to show cause why he should not be held in contempt; ultimately, further sanctions, including monetary sanctions, may result. The court extends plaintiff's deadline for paying the $400 filing fee to January 7, 2017.

In sum, the court **GRANTS** all parties leave to file a formal motion for attorneys' fees by **January 15, 2018**; **ORDERS** plaintiff's counsel to file a notarized affidavit demonstrating service of orders on his client by **December 7, 2017**; **EXTENDS** the deadline for plaintiff's payment of the $400 filing fee to **January 7, 2018**; and **CAUTIONS** plaintiff and counsel that failure to pay the filing fee may lead to sanctions, including monetary sanctions and restrictions on filing lawsuits in the future in this district.

**SO ORDERED.**

Date: November 30, 2017

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT