# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

| | | |
|---|---|---|
| TERRI L. ZAUSA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:17 CV 352 |
| | ) | |
| JACK ZAUSA, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION and ORDER

## I.    BACKGROUND

On November 15, 2017, this court dismissed this action because one plaintiff, Terri L. Zausa, and one defendant, Jack Zausa, were both residents of Illinois, preventing the court from exercising diversity jurisdiction over this case. (DE # 11.) The court noted that a similar case filed by the same plaintiff (and the same attorney, Maurice Salem) was recently dismissed by Judge Amy St. Eve of the Northern District of Illinois for the same reason. (*Id.*) After the court set a deadline for all motions for sanctions, Michael Pellin, who was improperly named as a "third-party respondent" in this case, filed a motion for sanctions in the form of attorneys' fees, to compensate him for having to defend himself in this frivolous action, citing Rule 11(b)(1) and (b)(2). (DE # 20.) Salem has responded. (DE # 21.) The motion is now ripe for review.

## II.     LEGAL STANDARD

Rule 11 of the Federal Rules of Civil Procedure prohibits an attorney from presenting a pleading to the court "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). Further, an attorney may only submit "claims, defenses, and other legal contentions" that are "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). Sanctions for violations of Rule 11, "if imposed on motion and warranted for effective deterrence," may include "reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4). Before sanctions may be imposed, the sanctioned party must have "notice and a reasonable opportunity to respond." Fed. R. Civ. P. 11(c)(1).

## III.     DISCUSSION

In his response brief, Salem reasserts his incorrect "theory on jurisdiction," which is difficult to follow and involves a comparison of the state of filing to the citizenship of the parties in the lawsuit.[1] (DE # 21 at 8.) Let the record be clear: "complete diversity"

---

[1] Salem's latest recitation of his "theory on jurisdiction" is as follows: "In **Indiana**, Pellin is in a different state than both the Plaintiff and the Defendant. In the action before Judge St. Eve, in **Illinois**, the Defendant Jack Zausa was from the same state as the Plaintiff. Judge St. Eve in her decision . . . cited case law that held Defendant Jack Zausa was a party of interest and as such he destroys the complete diversity jurisdiction in **Illinois** because he is from the same state as Plaintiff. However, in **Indiana**, there is complete diversity jurisdiction because neither Defendant Jack Zausa, nor Plaintiff Terri Zausa are domiciled in Indiana. In other words, Pellin, the only citizen of Indiana is the party of interest that does not share the state of Indiana with

means that **<u>no plaintiff may be from the same state as any defendant</u>**. *Altom Transp.,*

*Inc. v. Westchester Fire Ins. Co.,* 823 F.3d 416, 419–20 (7th Cir. 2016). The state in which the

lawsuit is filed in inconsequential. Not only is diversity jurisdiction a simple principle

taught to every student receiving a legal education in this country, but this court has

already explained it several times in this case, and it was also explained to counsel in

Judge St. Eve's order dated August 30, 2017. *Zausa v. Pellin,* No. 16-CV-11440, 2017 WL

3730816, at *3 (N.D. Ill. Aug. 30, 2017).

As the court stated in prior orders, it strains credulity to suppose that counsel

simply did not understand diversity jurisdiction when he filed this lawsuit. Nothing in

Salem's response brief alters that perception. Regardless, Salem should have known

that there was no basis for diversity jurisdiction in this case. *Nat'l Wrecking Co. v. Int'l*

*Bhd. of Teamsters, Local 731,* 990 F.2d 957, 963 (7th Cir. 1993) (district court must

determine whether party or counsel should have known that assertion was groundless).

This lack of credible explanation, along with the fact that Salem admits that multiple

---

any other party. Compared to Illinois where Defendant Jack Zausa, another party of
interest, shares the state with Plaintiff. However, the issue is not whether there is
complete diversity jurisdiction in Illinois, because we are not in Illinois, the issue is
whether there is complete diversity jurisdiction in Indiana. Salem contends that since
Pellin is the only party domiciled in Indiana, then there is complete jurisdiction in
Indiana. There is no case law that says otherwise and this Court has not cited any law
that contradicts Salem's theory on jurisdiction." (DE # 21 at 6, emphasis in original.)

The court admits that it cannot cite any precedent directly addressing this
particular "theory on jurisdiction." However, this likely has less to do with the merits of
Salem's theory, and more to do with the fact that such a baseless theory has probably
never been before a court for specific comment and consideration. Needless to say, this
court rejects Salem's "theory."

lawsuits regarding the same contract at issue in this case exist, leads this court to believe that this lawsuit was either filed with complete disregard for a simple and fundamental rule of American law (twice, as this same "error" occurred in the case before Judge St. Eve), or it was filed for an improper purpose (specifically, to harass Pellin and to increase Pellin's litigation costs). In the case of the former, Salem is in violation of Rule 11(b)(2), and in the case of the latter, Salem is in violation of Rule 11(b)(1). Sanctions are appropriate either way. *See Golden v. Helen Sigman & Assocs., Ltd.,* 611 F.3d 356, 364 (7th Cir. 2010) (holding that district court was on firm ground when it concluded that a reasonable search would have uncovered "well-established" law barring claim, and that sanctions were appropriate); *Danvers v. Danvers,* 959 F.2d 601, 604 (6th Cir. 1992) (holding that plaintiff filed action against ex-wife to harass her and increase litigation costs unnecessarily, since even cursory research would have revealed that cause lacked merit).

Salem argues that Pellin should only recover the attorneys' fees required to draft the eight-page motion to dismiss for lack of jurisdiction. (DE # 21 at 7.) This argument is rejected. Rule 11 sanctions aim primarily to deter future rule violations, and the scope of such sanctions must therefore be limited to what is necessary to deter sanctionable conduct. Fed. R. Civ. P. 11(c)(4). But "[c]ompensation and deterrence are not only not mutually exclusive, they are sometimes compatible." *Brandt v. Schal Assocs., Inc.,* 960 F.2d 640, 646 (7th Cir. 1992). In a case such as this one, in which a complaint was filed and either pursued with an unreasonable lack of legal basis or with an intent to harass,

a reasonably accurate measure of the harm Salem has caused is what it has cost Pellin. *Id.* at 647. Sanctions must be limited to those fees and expenses "directly resulting from the violation," Fed. R. Civ. P. 11(c)(4), "but that requirement poses no obstacles where, as here, all expenses borne by [defendant] stem from [plaintiff's] sanctionable Complaint and its pursuit thereof." *Id.* at 648. All of the fees that Pellin owes to his attorneys for this lawsuit qualify as "directly resulting" from Salem's decision to file a lawsuit with a court that possessed no jurisdiction to hear it. Fed. R. Civ. P. 11(c)(4).

Even when considering fees and expenses directly resulting from sanctionable conduct, a court "must ensure that the time was reasonably devoted to the litigation." *Szopa v. United States,* 460 F.3d 884, 886 (7th Cir. 2006). The court has carefully considered the detailed, hourly report of all work performed by counsel for Pellin. (DE # 20-1.) The 23.7 hours expended on defending against this lawsuit is reasonable, as is the $274.00 per hour rate. Thus, the court finds that $6,494.00, total, awarded to Pellin as a sanction against Salem, is limited to what is necessary to deter sanctionable conduct under Rule 11(c)(4).

Salem also asks this court to deny Pellin's motion for sanctions without prejudice, to permit Pellin to raise it again in yet another action pending against Pellin in Illinois before Judge Amy J. St. Eve. Because Judge St. Eve would possess no jurisdiction to rule on sanctionable conduct occurring in this case, over which she did not preside, this request is summarily denied.

## IV.    CONCLUSION

The motion of Michael Pellin for Rule 11 sanctions against attorney Maurice

Salem (DE # 20) is **GRANTED**. Attorney Maurice Salem is **ORDERED** to pay $6,494.00

to Michael Pellin.

**SO ORDERED.**

Date: March 1, 2018

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT